FILED
SUPERIOR COURT
OF GUAM

2022 APR 11 AM 11: 24

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | **Criminal Case No. CF0581-21** |
| | GPD Report No. 21-28301 |
| v. | |
| **JOSE VALENZUELA AGUON,** | **DECISION AND ORDER** |
| DOB: 01/20/1997 | **DENYING DEFENDANT'S MOTION** |
| | **TO DISMISS THE INDICTMENT** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 10, 2022 for hearing on Jose Valenzuela Aguon's ("Defendant's") Motion to Dismiss the Indictment ("Motion"). Assistant Attorney General Renaida San Nicolas represents The People of Guam ("the People"), and F. Randall Cunliffe represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendant's Motion.

## BACKGROUND

On December 2, 2021, Defendant was indicted on *Charge One*: Assault on a Peace Officer (as a 3rd Degree Felony). See Indictment (Dec. 2, 2021). Defendant allegedly kicked and slapped two uniformed medics from the Guam Fire Department (collectively the "Victims") while they were transporting Defendant following a car cash. Id.

On January 26, 2022, Defendant filed his Motion to Dismiss the Indictment. Defendant argued that no evidence was put forth indicating that the Victims were "peace officers", and therefore the Grand Jury could not have found reasonable cause to indict him on the felony offense. See Motion at 2-3 (Jan. 26, 2022).

Decision and Order Denying Defendant's Motion to Dismiss the Indictment
CF0581-21, *People of Guam v. Jose Aguon*
Page 1 of 2

The Court held a hearing on March 10, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

The Court will not consider either the People's Opposition to Motion or the Defendant's Reply to Opposition as both were submitted after the March 10th hearing.

## DISCUSSION

"The Grand Jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictment offense has been committed and that the defendant committed it." See 8 G.C. A. §50.54(b).

"An assault against a peace officer who is performing his official duties as a peace officer is a felony of the third degree if the perpetrator knew or should have known that the victim was a peace officer." See 9 G.C.A. §19.30(b)(1). Peace officers include "Fire Personnel when engaged in the enforcement of the Fire Prevention Code, all Arson Investigators, and those designated by the Fire Chief of the Guam Fire Department". See 8 G.C.A. §5.55(m).

As can be seen from the Indictment, the Victims were neither actively enforcing the Fire Prevention Code nor investigating arson when the alleged assault occurred. The Victims were simply providing medical assistance following a car crash.

However, the Indictment provides no reason to believe the Victims were not designated peace officers by the Guam Fire Department's Fire Chief. Until shown otherwise, it remains reasonable to believe the Victims could have been so designated by the Fire Chief, and the charge remains valid.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's Motion. The Indictment will not be dismissed. The People remain obliged to meet the burden of proof on the factual issues identified in Defendant's Motion moving forward.

**IT IS SO ORDERED** this __April 11, 20__

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss the Indictment
CF0581-21, *People of Guam v. Jose Aguon*
Page 2 of 2